**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3170-15T3

ANTHONY REEVES,

    Plaintiff-Appellant,

v.

LAWRENCE NON-PROFIT
HOUSING, INC.,

    Defendant-Respondent.

_____

Submitted October 17, 2017 – Decided November 1, 2017

Before Judges Reisner and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2675-15.

Anthony Reeves, appellant pro se.

Szaferman, Lakind, Blumstein & Blader, PC, attorneys for respondent (Stuart A. Tucker, of counsel and on the brief).

PER CURIAM

    Plaintiff Anthony Reeves, a former tenant of Eggerts Crossing Village (ECV), appeals from a March 4, 2016 order dismissing his

complaint against ECV's owner, defendant Lawrence Non-Profit Housing, Inc.

Our review of the summary judgment order is de novo. <u>See</u> <u>Davis v. Brickman Landscaping, Ltd.</u>, 219 <u>N.J.</u> 395, 405-06 (2012). Our independent review of the record convinces us that there are no material facts in dispute and defendant was entitled to judgment as a matter of law.[1] <u>Ibid.</u> Accordingly, we affirm.

The following facts are derived from the certification of ECV's site manager, which is the only legally competent evidence in the motion record. ECV is a 100-unit housing complex, in which 60 units are market rate and 40 units are subsidized by the Federal Department of Housing and Urban Development (HUD). Plaintiff's name was placed on the waiting list for a HUD-subsidized unit. However, in the meantime, he signed a lease for a market rate apartment. Because plaintiff was living on General Assistance at the time, the Mercer County Board of Social Services (Board)

---

[1] The trial court failed make to findings of fact and conclusions of law as required by <u>Rule</u> 1:7-4(a) and <u>Rule</u> 4:46-2(c). Instead, the court issued a three sentence oral opinion stating that even if the court assumed the truth of plaintiff's factual claims "there's still no legal merit to the claims you have in your complaint which are for discrimination, prevention of Homelessness Act and fraud." Even in a simple case, the motion court has an obligation to do more than listen patiently to the parties' arguments and then state a conclusion. Nonetheless, we do not order a remand because the interests of justice are better served by concluding this matter.

A-3170-15T3

subsidized most of his rent for that apartment. At some point, the Board stopped subsidizing plaintiff's rent, apparently because he had begun receiving Supplemental Security Income benefits.

In December 2014, defendant filed a summary dispossess action, based on non-payment of rent. That action was dismissed after the Board agreed to pay the back rent. However, the Board did not continue to subsidize plaintiff's rent, and defendant filed another landlord-tenant action in October 2015, by which time plaintiff's arrears were over $4700. At that point, plaintiff was still only number three on the waiting list for a HUD-subsidized apartment. He could not raise the funds to pay the arrears, and defendant obtained judgment for possession. Plaintiff voluntarily moved out of the apartment on December 10, 2015.

Meanwhile, on November 9, 2015, plaintiff filed a complaint against defendant in the Law Division, asserting that the landlord violated the lease, incorrectly computed his rent, committed unspecified "fraud," committed discrimination under the Law Against Discrimination, N.J.S.A. 10:5-12(g), and violated the Prevention of Homelessness Act, N.J.S.A. 52:27D-280, which provides funds to subsidize housing for the poor.

Based on the undisputed summary judgment evidence, plaintiff could not establish any of those claims as a matter of law. The

evidence establishes that he was unable to pay his rent, not because of any wrongdoing by the landlord but because the Board stopped subsidizing his rent. There is no evidence that he offered to pay the arrears and the landlord refused to accept the money. Nor is there any evidence that the landlord refrained from evicting non-disabled delinquent tenants, or otherwise discriminated against plaintiff on account of his disability or because his rent was subsidized by the Board. See N.J.S.A. 10:5-12(g) (prohibiting landlords from discriminating based on disability or lawful income source).

On this appeal, plaintiff contends that the landlord refused to accept the rent when he offered to pay it, refused to put him on the HUD waiting list, and discriminated against him because he received a public subsidy for his rent in violation of N.J.S.A. 2A:42-100. See Franklin Tower One LLC v. N.M., 157 N.J. 602, 605-06 (1999). As previously noted, the undisputed evidence submitted on the summary judgment motion does not support any of those claims. Accordingly, we affirm the March 4, 2016 order granting summary judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4